In the Matter of the Claim of ARIETTA C. SMITH, Respondent, v. GENERAL ELECTRIC COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. An employer and its carrier appeal from a decision of the Workmen's Compensation Board and a schedule award granted posthumously to a widow for a deceased employee's permanent partial loss of use of his right leg. The deceased sustained an industrial accident on June 12, 1962 in which he suffered a strain of the right thigh, a sprain of the right knee with contusion to its anterolateral surface and an incomplete fracture of the right patella. He returned to work on June 14, 1962 and died on February 20, 1963 from causes unrelated to his injury. At the initial hearing on the issue of a schedule loss the Referee referred the case to the chief medical examiner of the Workmen's Compensation Board. On October 30, 1963 Doctor Rattner, a compensation examining physician, filed a C-71 form reporting his conclusion that deceased had sustained a permanent loss of use of his right leg equivalent to 10%. At a hearing held on the same day he reiterated his opinion which he stated was based on such information as the compensation file provided combined with his experience in analyzing " hundreds and hundreds of these cases " and in scheduling posthumous awards " in the entire area of the State of New York ". The record contains reports of Doctor Dunham, the treating physician, and Doctor Teresi, the carrier's medical consultant who had not examined the deceased, both of which denied permanency. Neither of these physicians testified. Although measurements of muscle atrophy and the range of motion of the knee seem not to have been made, the report of the former expressed the recollection that the clinical findings were minimal when he last saw deceased on the occasion of his discharge less than seven weeks after his injury. The report of the latter, a former associate compensation examining physician, stated that his opinion was founded, as was that of Doctor Rattner, on a review of the medical reports in the file and the experience gained through the examination of " thousands of compensation cases over the past 18 years ". In the circumstances presented by this record the board could, as it obviously did, accept the professional views of its own doctor. (*Matter of Grennell* v. *Driveway Paving Co.*, 12 A D 2d 697.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Aulisi and Hamm, JJ., concur; Herlihy, J., dissents and votes to reverse. (See, dissenting memorandum, *Matter of Grennell*, 12 A D 2d 697, 698.)