■ In the Matter of the Claim of AGNES CROSBY, Appellant, v. ATLANTA KNITTING MILLS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation

Board, filed May 19, 1971, which disallowed a compensation claim. On June 2, 1967 claimant, a sewing machine operator, sustained an injury to her right eye when a fan allegedly blew a foreign substance into her eye. Three days after the incident she was examined by an opthamologist who reported a condition of "conjunctiva congested, no stain, no foreign body seen", and this specialist continued to treat her throughout the duration of this case and consistently maintained that there was a causal relationship between the incident on June 2, 1967 and the condition he diagnosed. Subsequently, claimant filed a claim for compensation and in July, 1970 she was examined by a board physician who suggested that another oculist's opinion be sought to determine if there was sufficient pathology in her right eye to account for visual loss. Without further evidence or medical opinion the Referee made an award for 100% loss of vision and upon appeal the board concluded that claimant should be examined by an impartial opthamologist. This specialist testified that in his opinion there was no causal relationship between the claimant's loss of vision and the alleged injury, although he concurred with claimant's specialist as to the diagnosis of superficial keratitis. The board reversed the decision of the Referee and denied the claim. This appeal raises a question of conflicting medical opinions based upon the same facts and the acceptance by the board of one of those opinions as substantial evidence. A determination as to the weight given an expert opinion is a matter within the exercise of the fact-finding power of the board and therefore entirely within its province (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529, 532–33). Such a determination of a factual issue is final and conclusive (*Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414). Decision affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.