■ In the Matter of the Claim of ALMA G. MORAN, Respondent, v. MONROE FROZEN FOODS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed March 14, 1972. Claimant, a supervisory employee at a food processing plant, sustained an acute myocardial infarction on May 24, 1969 and died on June 7, 1969. The board has sustained an award finding exposure to diesel oil fumes resulted in an anoxia which was a significant contributory cause of the myocardial infarction, and thus an accidental injury within the meaning of the Workmen's Compensation Law. The evidence as to the fumes is taken from the history given by decedent to his physician as appears in the hospital record and the medical evidence from claimant's physician who found, with a reasonable degree of medical certainty, " that the possibility exists that the anoxia suffered while on the job was a significant contributory cause in his death ". Upon the record as a whole, this is substantial evidence to sustain the award (*Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414; *Matter of Mosley* v. *Crucible Steel Co.*, 42 A D 2d 653). Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.

■ In the Matter of the Claim of JOSE SUAREZ, Respondent, v. ZAMPIERI BROS. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from decisions of the Workmen's Compensation Board, filed April 20, 1972 and December 20, 1972, which found that the claimant suffered the occupational disease of bronchial asthma with resultant disability by reason of his exposure in his work activities to oil, flour and dust. Claimant, age 59, was employed as a porter for Zampieri Bros., a bakery, from 1960 to 1968. His basic duties involved cleaning, sweeping, and generally keeping the premises in order. He filed a claim for compensation on November 26, 1968 for disability resulting from a chest condition caused by his constantly coming in contact with flour and flour dust in the course of his work. The only issue presented on this appeal is whether or not there is substantial evidence in the record to support the board's finding that claimant is suffering from an occupational disease. We find that the board's decisions are supported by the record. While appellants might well point to segments of the testimony of many of the witnesses which would not support the board's ultimate finding, it must be remembered that the board is not bound to accept *in toto* the testimony of any witness, but can adopt such conclusions as it deems are supported by the record (*Matter of Zaepfel* v. *Du Pont de Nemours & Co.*, 284 App. Div. 693, affd. 309 N. Y. 962). The fact remains that there is substantial support for each of the board's findings. Decisions affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.