■ In the Matter of the Claim of ANGELINA SAPONARO, Respondent, v. WALGRO PRODUCTS, INC., et al., Appellants, and GRIPPO MANUFACTURING Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed December 8, 1971. Claimant's decedent was employed by appellant Walgro from August 2, 1962 until April 3, 1963, when he was laid off due to lack of work. He commenced working for respondent Grippo on April 10, 1963 and ceased, at his doctor's suggestion, on September 26, 1963. Death came on January 17, 1966 as a result of pulmonary emphysema, pulmonary fibrosis and chronic bronchitis. The board found that there was medical evidence that these conditions "were a direct result of his occupation as a buffer, grinder, and metal and chrome polisher in all of his employments for over 30 years, that the exposure at Walgro contributed to this condition, that the exposure at Grippo (last employer) was a contributing accumulative factor to the pre-existing condition and worsened it ". The board found that decedent suffered an occupational disease within the meaning of paragraph 29 of subdivision 2 of section 3 of the Workmen's Compensation Law and affirmed the Referee's decision that the case was within the ambit of section 44 of the Workmen's Compensation Law and that the award should be apportioned between Walgro and Grippo. Walgro challenges the board's decision on the grounds that the findings of fact are insufficient to support the conclusion that decedent contracted the diseases which caused his disability and death while in its employ, and that the board erred in apportion-

ing the award pursuant to section 44 of the Workmen's Compensation Law. These contentions are without merit. The board's decision makes it clear that decedent suffered prolonged exposure to injurious influences while at Walgro and the record, particularly decedent's testimony and the medical evidence, amply supports that conclusion. Appellants' challenge to the apportionment of the award is based on the fallacious premise that decedent was suffering not from an occupational disease but was disabled from a dust disease within the meaning of paragraph 28 of subdivision 2 of section 3 of the law. While there is some dispute in the medical testimony, the board's conclusion that claimant suffered an occupational disease is supported by substantial medical evidence in the record and apportionment was therefore proper. Decision affirmed, with one bill of costs to respondents filing briefs. Herlihy, P. J., Staley, Jr., Cooke, Main and Reynolds, JJ., concur.