■ In the Matter of JOHN E. BUTTERY, SR., Respondent, v. INTERNATIONAL PAPER COMPANY, Appellant. WORKMAN'S COMPENSATION BOARD, Respondent.— Appeal by the self-insured employer from a decision of the Workmen's Compensation Board, filed June 22, 1973, which held that claimant continued to have disability due to a compensable accident of March 4, 1967. Claimant,

aged 46, an employee of appellant for some 20 years, sustained an injury to his back on March 4, 1967 while stepping from a crane to the ground. The record reveals that claimant had a history of previous back trouble. On two earlier occasions he had received awards for permanent partial disability due to compensable injuries to his back. The record demonstrates that claimant was unable to resume his employment after the March 4, 1967 incident as he had been able to do when previously injured. After this last incident he was examined by appellant's medical director, Dr. Gladys. In a report dated October 26, 1967 he recommended that claimant be considered unable to perform his work; that improvement in his condition was not anticipated and he further recommended that claimant retire, which he did. The sole issue presented on this appeal is whether there is substantial evidence to support the board's decision that claimant continued to have disability on and after October 26, 1967 due to the March 4, 1967 accident. It is significant that all of claimant's medical treatment was furnished by appellant's medical director or doctors to whom claimant was referred. Dr. Young testified that claimant had a chronic progressive disease which was characterized by remissions and exacerbations. At one point he testified that the March 4, 1967 incident did not play a part in claimant's disability, but later stated "I can't say I rule that out completely." He further testified "each one of these incidents contributes to his over-all picture, but I can't put any greater credence on the twisting incident walking around the machine [March 4, 1967 incident] than I can of misstepping on stairs" (a noncompensable incident after March 4, 1967). Dr. Gladys admitted that the March 4, 1967 accident aggravated claimant's back condition. The board found that claimant continued to have disability from October 26, 1967 due to the accidental injury of March 4, 1967 and that the extent of the causally related disability is minimal. The board could accept or reject the whole or any part of the medical testimony. (*Matter of Guidera* v. *Abelove's Laundry*, 33 A D 2d 1070, 1071.) Consequently, it could reject the testimony that the incident in question did not contribute to the disability subsequent to October 26, 1967. Considering the record in its entirety, we are of the view that there is substantial evidence to sustain the board's decision. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Kane and Larkin, JJ., concur.