■ In the Matter of the Claim of CATHERINE McKEEL, Respondent, v PATERNO & SONS, INC., et al., Appellants. and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed February 27, 1974. The sole issue on this appeal is whether there is substantial evidence to support the finding that the death of the employee was causally related to an incident which the board found to be an industrial accident. On a cold and inclement midwinter morning, on January 29, 1969, decedent was working as a carpenter for the employer herein. As he was working on a platform approximately four feet above the ground, he called to a coworker for help. Before anyone could respond, decedent fell off the platform into a hole. He was immediately extricated and taken to the hospital where he was pronounced dead on arrival. The autopsy revealed the cause of death as a ruptured abdominal aneurysm with exsanguination into the retroperitoneal cavity. Medical experts for the parties herein, after having read the record of the decedent's work experience on the day of his death, the account of the events relating to the fall and the described clinical events up to his death, together with the autopsy report, gave opinions as to causal relationship. Claimant's medical expert opined that the rupture of the abdominal aneurysm was caused by the stress factor of his work and the climatic conditions which were then compounded by his fall. In support of his opinion, claimant's doctor testified that the decedent did not have, while he was on his perch, a sudden massive rupture because he was able to communicate with the men about him and asked for help. In the doctor's opinion, he could not have had a massive hemorrhagic episode because under such conditions death would have been instantaneous, dramatic and final. The doctor further stated: "I inferred from all of the information, including his fall,

that his death was certainly and absolutely incontravertibly sealed by the fall and the percussion injury". The appellants' expert, a doctor with impressive credentials, stated that such an aneurysm as suffered by the decedent ruptures spontaneously in nearly every instance as a result of a long disease process which finally reaches its terminal phase. He concluded that the death was not related to decedent's employment. Such conflicting medical evidence falls within the fact-finding powers of the board in determining initial medical causality (*Matter of Trgo v Harris Structural Steel Corp.,* 13 AD2d 856). There is substantial medical evidence in this record to support the determination of the board and, therefore, it should not be disturbed (Workmen's Compensation Law, § 20; *Matter of Prue v Empire Scrap Metals,* 32 AD2d 680). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Kane, Koreman, Larkin and Reynolds, JJ., concur.