■ In the Matter of the Claim of JOSEPH SIENKIEWICZ, Respondent-Appellant, v BENDIX CORPORATION ELECTRICAL COMPONENTS DIVISION et al., Appellants-Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Cross appeals from a decision of the Workmen's Compensation Board, filed January 14, 1974. In the course of his employment, claimant was required to dip baskets of various items into vats containing a cleaning solution known as trichlorethylene. This process, over a five-year period from 1965 to 1970, exposed him to harmful and toxic trichlorethylene fumes causing dizziness, nausea and headaches. On April 28, 1970 he was examined by his personal physician, a Dr. Newland, who made a diagnosis of trichlorethylene poisoning based upon a history of nausea, vomiting, dizziness, staggering and loss of consciousness following prolonged exposure to such fumes. This diagnosis was substantiated following laboratory testing. Electrocardiograms taken at that time were within normal limits and routine visits to his physician continued. On July 6, 1970 claimant presented subjective complaints indicating anginal symptoms and, on July 20, 1970, a physical examination disclosed irregularity in his heartbeat. Later periodic examinations disclosed the same symptoms. On July 16, 1971, while claimant was driving home from work, he sustained a myocardial infarction. The board has found that claimant sustained an occupational disease, trichlorethylene poisoning, as of June 5, 1970, which was disabling and resulted in toxic myocarditis producing a weakening of the heart to the extent that it eventually caused the myocardial infarction of July 16, 1971 and continuing angina. The employer and its carrier argue that the finding of an occupational disease and claimant's subsequent myocardial infarction with continuing angina are not causally related to the trichlorethylene poisoning. Although it is not denied that trichlorethylene poisoning occurred, it is contended that this only produced a period of disability which ended when claimant returned to work in the capacity of a custodian. There is a further appeal by the claimant objecting to the merger of two different files in this rather complicated matter, but it does not affect the merits of the issues raised for our determination. What is presented on this appeal is, essentially, a conflict of medical opinion. Recognized experts disagreed with the views expressed by Dr. Newland, although they allowed that such a diagnosis was possible under similar circumstances. Dr. Newland treated claimant over a long period of time. He was familiar with all the relevant facts and circumstances and was experienced in problems arising in industrial medicine. We cannot accept the view, urged by the appellants, that his medical opinion was based upon speculation rather than reasonable medical certainty. Accordingly, the board had a perfect right to accept claimant's contentions as they were supported by substantial evidence (Workmen's Compensation Law, § 20; *Matter of Palermo v Gallucci & Sons,* 5 NY2d 529). Prolonged exposure to injurious influences may constitute an occupational disease when there is the proper medical evidence to support such a determination *(Matter of Saponaro v Walgro Prods.,* 43 AD2d 602; *Matter of Suarez v Zampieri Bros.,* 42 AD2d 1013). Decision affirmed, with costs to the Workmen's Compensation Board against the employer and carrier. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.