■    In the Matter of the Claim of FOREST WESTFALL, Appellant, v LINESVILLE CONSTRUCTION COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed July 18, 1975, which held that claimant had sustained a 95% loss of use of the left hand and that he was not totally and permanently disabled within the meaning of section 15 (subd 8, par [c]) of the Workmen's Compensation Law. Claimant, a 44-year-old pipe line construction worker, suffered an injury to his left eye on September 8, 1971. The injury resulted in the enucleation of the eye. Twenty years previously while employed in Ohio, claimant sustained an injury to his left hand resulting in the amputation of four fingers of that hand. Thus, the issue is whether the injury to claimant's hand some 20 years before the loss of his eye was a total loss of that member so as to qualify him for the benefits of section 15 of the Workmen's Compensation Law. Doctors Della Porta and Maggio both testified that the percentage loss of claimant's left hand was 95% rather than total since he still had full motion and use of his thumb. Doctor Feltner, on claimant's behalf, testified that the left hand was completely disabled for "fine use" but gave no opinion as to the degree or percentage of disability. Doctor Lanford, in response to written interrogatories, gave his opinion that claimant's left hand was completely disabled. The determination of conflicting medical testimony is for the board (*Matter of McKeel v Paterno & Sons,* 50 AD2d 984) and that body is free to credit some testimony while rejecting other portions, and may adopt such conclusions as are supported by the record (*Matter of Buttery v International Paper Co.,* 47 AD2d 687). The board's conclusion herein is supported by substantial evidence in the record and must be allowed to stand (*Matter of Crowley v Arco Plating Co.,* 48 AD2d 981; *Matter of Suarez v Zampieri Bros.,* 42 AD2d 1013). Decision affirmed, without costs. Koreman, P. J., Greenblott, Mahoney, Main and Herlihy, JJ., concur.