■ In the Matter of the Claim of EVALINE STANTON, Respondent, v JOHNSTOWN KNITTING MILL Co. et al., Appellants. WORKMEN'S COMPENSA-TION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed March 26, 1976. Decedent was employed as a cloth finisher for approximately eight years prior to his disability. The record reveals that in or around January, 1973 the employer changed the types of material that decedent was working with and that different chemical substances were involved. On March 30, 1973, the decedent ceased working and he died on March 9, 1974. Prior to his death decedent had filed a disability claim and a claim for death benefits was filed after his death. The board found that decedent's disability and subsequent death were a result of exposure to a toxic agent at work and that his disability and death arose out of and in the course of his employment. On this appeal appellants contend that there is no competent proof of decedent's exposure to toxic materials at work. The decedent's attending physician testified at the hearing that decedent's condition could not have developed over a long period of time; that his condition was a result of a toxic inhalant; that decedent had related his symptoms to the onset of the changing process; and that decedent's lung was poisoned and destroyed. He further testified that he had no other alternative but relate decedent's condition to his job exposure. The carrier filed a report authored by its physician which stated "it is reasonable to conclude that his illness, disability and subsequently death were directly associated with his occupational exposure." In our opinion there is substantial evidence to support the board's determination and, absent other error, it should not be disturbed (Matter of Sienkiewicz v Bendix Corp. Elec. Components Div., 51 AD2d 1087; Matter of Saponaro v Walgro Prods., 43 AD2d 602). We find no other errors. Appellants' contention that the carrier was improperly deprived of its right to produce proof lacks merit. Upon considering the entire record, it is this court's view that the carrier was given sufficient opportunity to present its evidence. We have considered appellants' remaining arguments and find them unpersuasive. Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.