■  In the Matter of the Claim of VIOLA JONES, Appellant, v DRESSER INDUSTRIES, INC., et al., Respondents, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed January 29, 1976, which disallowed a claim for compensation under the Workmen's Compensation Law. Decedent was granted a company disability pension retirement due to permanent pulmonary emphysema effective October 1, 1966. He died on January 13, 1973 and claimant, his widow, was awarded death benefits under the Workmen's Compensation Law because of death due to silicosis or other dust disease. There was no appeal in that case. However, a later board decision reversed a referee's determination that claimant also be awarded compensation for the period of decedent's total disability resulting from occupational silicosis. On appeal, claimant's position is that this subsequent board decision is not based upon substantial evidence and, further, that it displays an erroneous interpretation of applicable statutory provisions governing awards made after the death of an injured employee citing Matter of Sienko v Bopp & Morgenstern (248 NY 40). The rule established in Sienko is not at issue on this appeal, nor does the recent case of Matter of Collins v Aluminum Co. of Amer., (44 NY2d 692), have a bearing on its outcome. The decision under review merely states, in effect, that there is insufficient credible evidence to conclude decedent's disability following his retirement

in 1966 was due to silicosis. After examination of the record, which presents a complicated medical history disclosing numerous conditions from which claimant suffered, we cannot say the board's decision was based on other than substantial evidence (see *Matter of Currie v Town of Davenport*, 37 NY2d 472; *Matter of Buttery v International Paper Co.*, 47 AD2d 687). Decision affirmed, without costs. Mahoney, P. J., Kane, Main, Larkin and Mikoll, JJ., concur.