■ In the Matter of the Claim of PETER DE MAIO, Appellant, v ROCKFORD PLUMBING & HEATING et al., Respondents, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workers' Compensation Board, filed September 30, 1976 and October 14, 1977. Claimant, a plumber by trade, worked for 26 years and was primarily involved in new construction where he was called upon to file, scrape and melt lead, thereby exposing himself frequently to dust and fumes from the lead. He has had a long history of poor health and all concerned agree that he is totally disabled and unable to perform any work. Claimant contended at the hearing that he was suffering from an occupational disease from his exposure to the lead, but the referee found that the claimant had failed to establish his claim within the meaning of the Workers' Compensation Law and the board affirmed this determination. On appeal the claimant contends that the board's decision is unsupported by substantial evidence and further contends that its denial of his application to reopen the case for the report and testimony of Dr. Fischbein was arbitrary, unfair, unreasonable and constituted an abuse of discretion. We disagree. The claimant concedes that the numerous hearings produced an abundance of directly conflicting expert medical testimony centered on the issue of causation. It is well established that where, as here, the determination of the board is supported by substantial evidence, it may not be disturbed (Matter of McKeel v Paterno & Sons, 50 AD2d 984). A question of conflicting medical opinions based upon the same facts and the acceptance by the board of one of the opinions as substantial evidence is presented. A determination as to the weight given an expert opinion is a matter within the exercise of the fact-finding power of the board and, therefore, entirely within its province (Matter of Palermo v Gullucci & Sons, 5 NY2d 529, 532-533; Matter of Crosby v Atlanta Knitting Mills, 40 AD2d 747). The board itself is not bound to accept the testimony of any one expert or group of experts. It is free to choose those it credits and reject those it does not (Matter of Currie v Town of Davenport, 37 NY2d 472). We must also reject the claimant's contention that the board abused its discretion by refusing to reopen the case. In reviewing such a denial, we are limited in our review to the sole question of whether the board's action was arbitrary and capricious or an abuse of discretion (Matter of Aiello v Rissell Constr. Corp., 37 AD2d 884; Matter of Miller v Victoria Bondholders Corp., 24 AD2d 1064, mot for lv to app den 17 NY2d 422). More than a score of hearings were held over a four-year period in connection with this matter and produced volumes of testimony and exhibits. The claimant produced medical experts of his own and his attorneys were able to cross-examine those produced by the opposition. An impartial expert was named and testified and was cross-examined. Against this background of lengthy and detailed exploration of the issues we cannot conclude that the board's denial of claimant's application to reopen was arbitrary and capricious or an abuse of its discretion. Decisions affirmed, without costs. Sweeney, J. P., Staley, Jr., Main and Larkin, JJ., concur; Mikoll, J., dissents and votes to reverse and remit in the following memorandum: Mikoll, J. (dissenting). I respectfully dissent. In view of the claimant's grave physical impairment which, in the opinion of all of the attending physicians, has left him totally disabled; the conflict in the various specialists opinion; the failure of the impartial specialist to conduct his own tests of claimant; the availability of a leading expert in the lead-poisoning field who has conducted all modern known tests

for lead poisoning on claimant subsequent to the hearing; and the prompt request for a review, the board's decision not to reopen the case is arbitrary and capricious. The matter should be remitted for further hearings and findings.