■ In the Matter of the Claim of WILLIAM MCINTYRE, Respondent, v RITCHIE BROS. INC., et al., Appellants, and HOME INDEMNITY COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from a decision of the Workers' Compensation Board, filed April 22, 1977, an amended decision filed September 6, 1977, and a second amended decision filed December 30, 1977 which modified a referee's decision and held that Lumbermen's Mutual Casualty Company was the responsible carrier. The board found: "that Lumbermen's Mutual Casualty Company, carrier on the risk on March 25, 1975, date of disability is liable." There is substantial evidence to sustain the decision of the board. Decision affirmed, with costs to respondent Home Indemnity Company against the appellants. Mahoney, P. J., Sweeney, Larkin, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Claim of LYNN G. DE MURO, Respondent, v SIDNEY GREENWALD et al., Doing Business as MAPLE LEAF NURSING HOME, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed October 4, 1977, which denied the employer's application to reopen a prior determination of the board, rendered January 14, 1977, upon a discrimination claim pursuant to section 120 of the Workers' Compensation Law. A decision to grant or deny an application to reopen and reconsider a prior determination rests in the sound discretion of the Workers' Compensation Board and such a decision will not be disturbed unless it is found to be arbitrary and capricious or an abuse of discretion *(Matter of De Maio v Rockford Plumbing & Heating,* 63 AD2d 1041). An examination of this record discloses that the employer ignored several notices of hearing, received over a two-year period, directing its appearance before a referee to interpose an answer to claimant's charges. While the penalty ultimately incurred was substantial, the employer's difficulties were self-imposed and we cannot say, as a matter of law, that the board abused its discretion (see *Matter of Rusyniak v Syracuse Flying School,* 37 NY2d 384). Additionally, we find no merit in the employer's constitutional arguments. Decision affirmed, with costs to respondents filing briefs against the appellant. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.