Appeal from a decision of the Workers’ Compensation Board, filed January 26, 1979. On April 12, 1971, decedent, while employed at a bowling alley, fell and injured his left shoulder. The record reveals that as a result of this fall claimant developed a persistent lump in the deltoid area; that a biopsy performed on August 24, 1971 revealed liposarcoma of the left shoulder; and that on December 7, 1973, claimant died. According to a report filed by claimant’s attending physician, the cause of death was metastic lesions to the lung. This physician testified that claimant’s accident on April 12,1971 "aggravated and caused this tumor, liposarcoma, to spread locally and eventually spread at a distance from the tumor site origin”. He further testified that claimant’s death was causally related to the accident in that it caused it to spread and to become symptomatic. Another physician testified that the trauma' accelerated the process resulting in claimant’s death. The board found a causal relationship between the accident and the aggravation of claimant’s tumor condition resulting in death. The board affirmed the referee’s decision making a schedule loss award for 100% loss of claimant’s left arm and making an award of death benefits. This appeal ensued. Appellants contend that there is a lack of substantial evidence to support a finding of causal relationship between the accident of April 12, 1971 and the liposarcoma and eventual death. The record reveals, however, that the board was presented with conflicting medical evidence as to causal relationship. Consequently, a question of fact was presented for resolution *697 by the board (Matter of Konieczny v Butterñake Shop, 71 AD2d 718). There is substantial evidence to support the board’s determination and, therefore, it may not be disturbed (Matter of Axel v Duify-Mott Co., 47 NY2d 1; Matter of De Maio v Rockford Plumbing & Heating, 63 AD2d 1041, affd 48 NY2d 665). We also reject appellant’s contention that any claim for death benefits was waived by claimant’s attorney in oral arguments before the board. Section 32 of the Workers’ Compensation Law invalidates any agreement by an employee to waive his right to compensation. The decision of the board must be affirmed. Decision affirmed, with costs to respondents filing briefs. Mahoney, P. J., Greenblott, Sweeney, Kane and Casey, JJ., concur.