■ In the Matter of the Claim of ALFRED E. EVANS, Appellant, v GREAT EASTERN LUMBER COMPANY, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed January 9, 1987, as amended by decision filed May 19, 1987.

Claimant's index and ring fingers on his dominant right hand were amputated following a work-related injury in September 1984. He has since died due to unrelated causes. At issue is whether the award of the Workers' Compensation Board to claimant's widow of a 40% schedule loss of use of the right hand is supported by substantial evidence *(see,* Workers' Compensation Law § 15 [3] [c], [s]). The record includes a letter report from Dr. Lawrence Enisman, a plastic surgeon, who

examined claimant at the behest of the employer's compensation carrier and assessed "approximately a 40 percent disability". Also included in the record is a report of Dr. Robert Shera, a Board medical examiner, who assessed a 62½% schedule loss of use. The Workers' Compensation Law Judge accepted Shera's assessment, but the Board found upon review of the record, and Enisman's report in particular, a 40% schedule loss. The Board further determined that an examination by the principal medical examiner was not necessary.

On this appeal, claimant urges that this case poses more than just a conflict in medical opinion, in that the Board erred in relying on Enisman's report without first confirming his expertise. Claimant emphasizes that Enisman did not testify and that the Workers' Compensation Law Judge rejected his report since his qualifications were undisclosed. Initially, we observe that while the record only includes a written report from Enisman, the "legal residuum rule" no longer applies to administrative determinations *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139). Thus, the lack of testimony from Enisman is not dispositive. Generally, the Board is authorized "to accept or reject the whole or any part of the offered medical evidence" *(Matter of Murtagh v St. Theresa's Nursing Home,* 84 AD2d 587; *see, Matter of Stiso v Hallen Constr. Co.,* 135 AD2d 974). In so doing, the Board must necessarily assess the qualifications of each medical expert. Whether Enisman was qualified to render an opinion was for the Board to decide. The conflict in the medical evidence presented was also for the Board to resolve, and its decision is supported by substantial evidence. Neither *Matter of Westfall v Linesville Constr. Co.* (55 AD2d 758) nor *Matter of Smith v General Elec. Co.* (24 AD2d 814, *affd* 17 NY2d 687), relied on by claimant, compel a contrary finding, for in each case the Board simply resolved a conflict in the medical evidence presented. Moreover, the Board did not abuse its discretion in refusing to direct a further examination *(see,* Workers' Compensation Law § 19; *Matter of Burke v New York Tel. Co.,* 81 AD2d 714).

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.