■ In the Matter of the Claim of CASSANDRA McQUEEN, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed June 9, 1988, which ruled that claimant was not discriminated against by her employer.

Claimant was employed as a hospital aide at Metropolitan Center Hospital in New York City. On September 28, 1978 she injured her back while on duty and was intermittently absent from work during 1979 and 1980. Following a disciplinary conference with her employer on June 19, 1980, she was discharged on a finding of excessive absenteeism. Thereafter, claimant filed the instant complaint, asserting that she was discharged as a result of absences caused by a work-related injury *(see,* Workers' Compensation Law § 120). After a hearing which the employer failed to attend, a Workers' Compensation Law Judge sustained the discrimination complaint and imposed a $100 penalty against the employer. Upon the employer's request for review, a three-member panel of the Workers' Compensation Board initially affirmed the decision of the Workers' Compensation Law Judge. The full Board, however, rescinded the panel's decision and referred the case for further consideration. Ultimately, the original Board panel concluded that the employer had not violated Workers' Compensation Law § 120, but had legitimately discharged claimant due to her attendance record. Claimant now appeals.

Initially, claimant urges that the Board abused its discretion by accepting the employer's request for review, together with the supporting documentary proof, since the employer failed to appear at the original hearing. We disagree. The Board has broad authority to reopen or reconsider a prior award (Workers' Compensation Law § 123; *see, Matter of Rusyniak v Syracuse Flying School,* 37 NY2d 384, 390; *see also,* 12 NYCRR 300.13). Here, the record shows that the employer received timely notice of each scheduled hearing. However, as explained in the review request, the New York City Law Department, which represents the employer, was not so informed and thus failed to appear on the employer's behalf. Moreover, the employer interposed an answer explaining the basis of claimant's discharge *(cf., Matter of De Muro v Greenwald,* 65 AD2d 660). Given this explanation, the Board could readily deem the default inadvertent and review the claim. Nor do we perceive any error in the Board's consideration of two medical reports included in the review application which indicated that claimant had been treated for ailments unrelated to her back injury during the relevant time frame. While claimant was not afforded an opportunity to cross-examine the authors of each report, we perceive no prejudice for the reports merely evidenced absenteeism and were not proffered to contradict her causally related back injury *(cf., Matter of Roselli v Middletown School Dist.,* 144 AD2d 223, 225).

The question remains whether claimant met her burden of proving retaliation *(see, Matter of Donohue v Scandinavian Airlines,* 134 AD2d 660; *Matter of Johnson v Moog, Inc.,* 114 AD2d 538, 539). The record shows that claimant was absent 58 days without authorization during 1980, commencing April 29, 1980. Notably, she missed a counseling session with her employer on May 14, 1980 to review the attendance situation and also disregarded the employer's May 19, 1980 certified letter requiring her to document her medical condition with a doctor's letter. In our view, the Board had ample basis to find that claimant's discharge resulted from poor attendance and not retaliation within the meaning of Workers' Compensation Law § 120.

Decision affirmed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.