■ In the Matter of the Claim of MARK J. GAGNON, Appellant, v FOSTER MEDICAL SUPPLY, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [647 NYS2d 876] —Appeal from a decision of the Workers' Compensation Board, filed September 30, 1994, which ruled that claimant was not discriminated against by his employer.

On May 8, 1991, claimant was terminated from his position

as a warehouse worker for excessive absenteeism. Prior to his termination, on August 16, 1990, claimant injured his foot during the course of his employment. After this injury, claimant was absent until September 4, 1990 and again from December 10, 1990 through December 17, 1990. He filed a claim for workers' compensation benefits in December 1990. Between January 1, 1991 and April 23, 1991, claimant was absent a total of 3.5 days. Claimant was subsequently warned that further absenteeism would result in his termination and, when he failed to report to work on May 3, 1991 and May 7, 1991, he was discharged.

Claimant filed a complaint with the Workers' Compensation Board alleging that his employer discharged him in retaliation for having filed a workers' compensation claim in violation of Workers' Compensation Law § 120. After various hearings, the Board concluded that the employer had a legitimate business reason for firing claimant and that his discharge was not retaliatory under Workers' Compensation Law § 120. Claimant appeals from the Board's decision.

Based upon our review of the record, we find that the Board's decision is supported by substantial evidence. Claimant was absent a total of 18 days from the date of his injury to the date of his termination. Prior to his termination, claimant's supervisor informed claimant that his absenteeism created a hardship on his co-workers and he was warned that further absenteeism would result in his termination. Claimant was discharged shortly after this warning when he was again absent from work and after he advised his employer that he would be absent for two more weeks while undergoing physical therapy. There is no evidence that the employer's actions were in any way related to claimant's December 1990 claim for benefits. In view of claimant's failure to put forth evidence establishing a causal nexus between his claim for workers' compensation benefits and the employer's decision to discharge him, substantial evidence supports the Board's decision that claimant was terminated for a legitimate business reason (*see, Matter of Conklin v City of Newburgh*, 205 AD2d 841; *Matter of McQueen v New York City Health & Hosps. Corp.*, 154 AD2d 789). Consequently, we find no reason to disturb the Board's decision.

Cardona, P. J., Mikoll, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.