■ In the Matter of the Claim of ROSE A. CITRON, Appellant, v STATEN ISLAND UNIVERSITY HOSPITAL, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [650 NYS2d 1006] —Appeal from a decision of the Workers' Compensation Board, filed July 20, 1995, which ruled that claimant's discharge was not in retaliation for claimant's filing of a compensation claim.

Claimant was employed by Staten Island University Hospital as a respiratory therapist in November 1991, when she injured her back in an off-duty accident. Claimant applied for and received disability insurance benefits. In November 1992, after refusing the employer's repeated requests to submit documentation of her continuing inability to return to work, claimant was discharged. Claimant then filed a complaint, contending that her discharge was in retaliation for filing a disability claim, in violation of Workers' Compensation Law § 120. The Board dismissed the complaint and we affirm.

There is substantial evidence in the record to support the Board's determination that claimant was discharged solely because of her failure to cooperate with the employer's requests for documentation of her continuing disability. Claimant has failed to sustain her burden of proving that her discharge was motivated by the employer's desire to retaliate against her within the meaning of Workers' Compensation Law § 120 (see, Matter of McQueen v New York City Health & Hosps. Corp., 154 AD2d 789, 791; Matter of Donohue v Scandinavian Airlines, 134 AD2d 660, 661).

Mikoll, J. P., White, Casey, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.