OPINION OF THE COURT
 

 Chief Judge Cooke.
 

 The Legislature has authorized the termination of employment of civil servants who are absent for a lengthy period as a result of a work-related injury. In the absence of any evidence of retaliatory intent, such an employee is not the victim of “discrimination” within the scope and meaning of the Workers’ Compensation Law’s proscription against discharging or otherwise taking detrimental action against injured employees. Thus, claimant here is not entitled to any relief.
 

 Claimant was injured on February 2, 1976, while in the course of her employment at respondent New York State Developmental Center in Brooklyn. Pursuant to the regulations governing leaves of absence caused by occupational injury or disease (4 NYCRR 21.8), claimant was placed on full-pay leave for six months, and she used her leave accruals to continue full pay until September 22. At that time, claimant went on half-pay sick leave through November 3. Thereafter, she was on leave without pay while receiving workers’ compensation benefits through the State Insurance Fund.
 

 
 *132
 
 On February 1,1977, claimant was notified that, pursuant to section 71 of the Civil Service Law,
 
 [1]
 
 her employment was being terminated and that she could seek reinstatement through certification by a Civil Service doctor. On March 24, 1977, a State Insurance Fund doctor examined claimant and concluded that she was able to return to work. Consequently, her compensation payments were stopped. Claimant attempted to regain her old position, but a Civil Service doctor did not examine her until September 7, 1977. This physician determined that claimant was not fit to return to work. Claimant sought a reexamination, and on May 31, 1978, the same physician pronounced her physically capable of resuming her old position. When an opening occurred at the Developmental Center on September 22, claimant was reinstated and her leave credits restored.
 

 After passing the Civil Service medical examination but before she was reinstated, on August 3, 1978, claimant filed a complaint with respondent Workers’ Compensation Board. She alleged that her employer had discriminated against her in violation of section 120 of the Workers’ Compensation Law, which proscribes “any employer or his duly authorized agent to discharge or in any other manner
 
 *133
 
 discriminate against an employee as to his employment because such employee has claimed or attempted to claim compensation from such employer, or because he has testified or is about to testify in a proceeding under this chapter”.
 
 [2]
 
 The matter moved back and forth through the agency, with claimant’s basic charge of discrimination being sustained several times by administrative law judges and three-member panels of the Board. Ultimately, however, the full Board rescinded the earlier decisions and accepted the matter for review. The Board concluded that the employer had acted in accordance with section 71 of the Civil Service Law and was not guilty of violating the antidiscrimination provisions of section 120.
 

 Claimant successfully appealed to the Appellate Division, which remanded the matter for determination of any benefits due to her. The Board then ruled that claimant should have been reinstated effective March 28, 1977, and awarded her back pay from that date until her actual return to work on September 22, 1978. The employer was also assessed the mandatory minimum penalty of $100 for violating section 120. On this appeal pursuant to CPLR 5601 (subd [d]), this court now reverses.
 

 This proceeding’s focus is on the application of section 120. The law’s obvious purpose is to protect employees from retaliation for filing compensation claims or participating
 
 *134
 
 in claim proceedings (see
 
 Matter of Axel v Duffy-Mott Co.,
 
 47 NY2d 1, 5-6). More problematic is the scope of the statute’s proscription against an employer’s actions that result from work-related injuries.
 

 Lower courts have adopted a broad interpretation that condemns any action triggered by the employee’s work-related injury regardless of whether it was a retaliatory tactic (see, e.g.,
 
 Matter of Griffin v Eastman Kodak Co.,
 
 80 AD2d 689, mot for lv to app dsmd 53 NY2d 1028;
 
 Matter of Lo Dolce v Regional Tr. Serv.,
 
 77 AD2d 697, mot for lv to app den 51 NY2d 706). These decisions distort the meaning and purpose of section 120. The statute’s critical language is its injunction to employers not “to
 
 discharge or in any other manner discriminate
 
 against an employee as to his employment
 
 because
 
 such employee has claimed or attempted to claim compensation ***, or
 
 because
 
 he has testified or is about to testify * * *” (emphasis added). Clearly, there must be a causal nexus between the employee’s activities in obtaining compensation and the employer’s conduct against the employee. Moreover, the very meaning of “discrimination” requires that there be a distinction among groups. Thus, an employment practice that is applied evenhandedly to all employees represents a neutral policy that does not constitute discrimination, particularly if it is based on legitimate business concerns (see
 
 NLRB v Great Dane Trailers,
 
 388 US 26, 32-34).
 

 The preliminary inquiry, then, is whether civil servants who are injured on the job are treated detrimentally when compared to those who must take leaves of absence for non-work-related injuries.
 
 [3]
 
 Section 73 of the Civil Service Law governs separations and reinstatements of employees who are disabled by other than an occupational disease or injury. The statute specifically provides that when such “an employee has been continuously absent from and unable to perform the duties of his position for one year or more * * *, his employment status may be terminated * * A comparison of sections 71 and 73 reveals a nearly
 
 *135
 
 identical treatment of all disabled civil servants, regardless of the source of the disease or injury. Indeed, to the extent that the two statutes differ, it appears that section 71 has provisions more beneficial to the employee.
 

 An employer should be permitted to take reasonable steps to secure a steady, reliable, and adequate work force. In discussing section 73, this court has stated: “The absence of a public employee from his position for a prolonged period unduly impairs the efficiency of an office or agency. In many cases, the duties of the absent employee must be absorbed by the remaining staff because temporary replacements are difficult to obtain. Continued performance of the business of government necessitates that there be a point at which the disabled officer may be replaced.”
 
 (Matter of Economico v Village of Pelham,
 
 50 NY2d 120, 126.) These concerns are not diminished by the circumstance that the employee was injured on the job, rather than off. To forbid absolutely any detrimental treatment of an injured worker would transform section 120 into a job security clause, which is contrary to the Legislature’s intent, as suggested by the recent amendment to the statute (see n 2,
 
 supra;
 
 see, also, Minkowitz, Practice Commentary, McKinney’s Cons Laws of NY, Book 64, Workers’ Compensation Law, § 120, 1983-1984 Pocket Part, pp 57-58).
 

 In sum, section 120 of the Workers’ Compensation Law protects employees who seek to participate in that program. Section 71 of the Civil Service Law authorizes the termination of Civil Service workers who suffer occupational disease or injury. So long as the termination is not made in retaliation for the employee’s compensation claim or testimony, section 120 is not violated.
 

 Accordingly, the determination appealed from and the order of the Appellate Division brought up for review should be reversed, without costs, and the decision of the Workers’ Compensation Board that the employer did not violate section 120 of the Workers’ Compensation Law should be reinstated.
 

 Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 Determination appealed from and order of the Appellate Division brought up for review reversed, etc.
 

 [1]
 

 . Section 71 of the Civil Service Law provides:
 

 “§ 71. Reinstatement after separation for disability
 

 “Where an employee has been separated from the service by reason of a disability resulting from occupational injury or disease as defined in the workmen’s compensation law, he shall be entitled to a leave of absence for at least one year, unless his disability is of such a nature as to permanently incapacitate him for the performance of the duties of his position. Such employee may, within one year after the termination of such disability, make application to the civil service department or municipal commission having jurisdiction over the position last held by such employee for a medical examination to be conducted by a medical officer selected for that purpose by such department or commission. If, upon such medical examination, such medical officer shall certify that such person is physically and mentally fit to perform the duties of his former position, he shall be reinstated to his former position, if vacant, or to a vacancy in a similar position or a position in a lower grade in the same occupational field, or to a vacant position for which he was eligible for transfer. If no appropriate vacancy shall exist to which reinstatement may be made, or if the work load does not warrant the filling of such vacancy, the name of such person shall be placed upon a preferred list for his former position, and he shall be eligible for reinstatement from such preferred list for a period of four years. In the event that such person is reinstated to a position in a grade lower than that of his former position, his name shall be placed on the preferred eligible list for his former position or any similar position. This section shall not be deemed to modify or supersede any other provisions of law applicable to the re-employment of persons retired from the public service on account of disability.”
 

 The statute is implemented by 4 NYCRR 21.8 (a), which prescribes how the one-year period is to be calculated and authorizes extensions of that time.
 

 [2]
 

 . In its entirety, section 120 of the Workers’ Compensation Law provides:
 

 “§ 120. Discrimination against employees who bring proceedings “It shall be unlawful for any employer or his duly authorized agent to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim compensation from such employer, or because he has testified or is about to testify in a proceeding under this chapter and no other valid reason is shown to exist for such action by the employer. Any employer who violates this section shall be liable to a penalty of not less than one hundred dollars or more than five hundred dollars, as may be determined by the board. All such penalties shall be paid into the state treasury and be applicable to the expenses of administering this chapter. Such penalty shall be collected in like manner as an award of compensation. Any employee so discriminated against shall be restored to his employment and shall be compensated by his employer for any loss of wages arising out of such discrimination together with such fees or allowances for services rendered by an attorney or licensed representative as fixed by the board. Such fee or allowance shall be paid solely by the employer: provided, that if such employee shall cease to be qualified to perform the duties of his employment, he shall not be entitled to such restoration and compensation. The employer alone and not his carrier shall be liable for such penalties and payments. Any provision in an insurance policy undertaking to relieve the employer from the liability for such penalties and payments shall be void.”
 

 The final clause in the first sentence, referring to the absence of “other valid reason”, was added after claimant filed her complaint (see L 1983, ch 415, § 20, eff July 1,1983).
 

 [3]
 

 . At this juncture, it should be noted that claimant’s contention that the Board had no power to interpret and apply section 71 of the Civil Service Law is not persuasive. To properly determine whether an employer has violated the proscriptions of section 120 of the Workers’ Compensation Law, the Board must consider all pertinent matters including, in this case, any statutory authority for the employer’s action.