■ In the Matter of the Claim of MARGARET CHEATHAM, Respondent, v NEW YORK STATE OFFICE OF MENTAL HEALTH, Appellant. WORKERS' COMPENSATION BOARD, Respondent.— Kane, J. Appeal from a decision of the Workers' Compensation Board, filed December 11, 1985.

Claimant was employed as a food service worker by the State Office of Mental Health at Rockland Psychiatric Center (hereinafter Rockland). On October 12, 1981, claimant injured her back while lifting coffee urns in the course of her employment at Rockland. Since she was unable to leave her bed the next morning, claimant called Rockland and stated that she could not come to work because of the injury. Claimant remained absent from work until December 14, 1981. Contrary to established Rockland policy, claimant neither filed an

accident report nor provided Rockland with medical documentation prior to her return to work in December 1981.*

A claim for compensation was filed in December 1981 or January 1982 which resulted in a decision dated August 4, 1982, finding the accident of October 12, 1981 compensable with awards for periods of disability from October 13, 1981 to December 14, 1981, May 21, 1982 to July 15, 1982, and with a further finding of continuing disability until August 17, 1982.

Because claimant did not furnish the required medical documentation every 28 days, Rockland forwarded several letters to claimant informing her that disciplinary action would be commenced if she did not contact Rockland or comply with the 28-day requirement. Many of these letters were returned as "unclaimed" or "refused". Ultimately, claimant wrote Rockland requesting an authorization for sick leave, which was granted for the period between May 23, 1982 and July 21, 1982. On July 21, 1982, Rockland wrote claimant informing her that she was required to return to work by August 4, 1982 or, in lieu thereof, to furnish medical documentation for her continued absence. Failing to comply with this demand, she would be deemed to have resigned, as provided by article 36 of the collective bargaining agreement between the State and claimant's union. This letter was returned marked "unclaimed". On August 9, 1982, Rockland wrote claimant informing her that she was deemed to have resigned pursuant to article 36. On August 17, 1982, claimant returned to work, at which time she was handed the letter dated August 9, 1982 and informed she was no longer employed at Rockland. An appeal of her termination of employment to the Governor's Office of Employee Relations was denied, which was followed by the within complaint of discrimination, as defined in Workers' Compensation Law § 120. A decision by a Workers' Compensation Law Judge finding no discrimination was reversed by the Workers' Compensation Board, and this appeal ensued.

A civil servant terminated from employment for absence from work as a result of a work-related injury is not a victim of discrimination within the meaning of Workers' Compensation Law § 120 unless the employee demonstrates an intent on the part of the employer to terminate the employee in retaliation for claiming or attempting to claim compensation benefits, or testifying or preparing to testify in support of such a

---

* It was Rockland's policy to require medical documentation every 28 days from employees who were out on sick leave.

claim *(Matter of Duncan v New York State Developmental Center,* 63 NY2d 128; *Matter of Klimczak v General Crushed Stone Co.,* 114 AD2d 603). Here, there is support in the record for the conclusion that claimant's job performance and availability impaired the efficient operation of the employer's facility, and that claimant failed to comply with the employer's requirements for medical documentation of disability. Moreover, there is also sufficient evidence to establish a violation of the collective bargaining agreement, which would trigger the provisions of the agreement deeming claimant to have resigned from her employment. However, the Board found evidence to support a claim of discrimination in the uncorroborated, hearsay testimony of claimant relating to conversations with her union representative and a work supervisor, and from the inferences to be drawn from actions taken by the employer prior to the termination of employment. This evidence, although quite tenuous, is legally sufficient to supply the necessary nexus between the alleged discrimination and the termination of employment. As such, it demonstrates the requisite substantial evidence to support the determination of the Board, notwithstanding the findings by the Governor's Office of Employee Relations *(see, Matter of Duncan v New York State Developmental Center, supra; see also, Matter of Palacio v A & P Tea Co.,* 92 AD2d 683). Accordingly, the decision must be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.