In the Matter of the Claim of THOMAS E. VALENTINO, Respondent, v AMERICAN AIRLINES, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, October 8, 1987

## APPEARANCES OF COUNSEL

*Schoeman, Marsh, Updike & Welt (Michael E. Schoeman* of counsel), for appellant.

*Paul L. Dashefsky* for Thomas E. Valentino, respondent.

*Robert Abrams, Attorney-General (Adele Bernhard* and *Jane Lauer Barker* of counsel), for Workers' Compensation Board, respondent.

## OPINION OF THE COURT

MAIN, J.

In June 1981, claimant experienced a recurrence of an injury for which he had been previously compensated and did not report for his job with American Airlines, Inc. (hereinafter the employer). On June 22, 1981, he was examined by the employer's physician. This physician excused claimant from work and scheduled claimant for a follow-up visit one week later. Claimant did not keep this appointment, or another appointment scheduled for July 2, 1981. On July 6, 1981, the employer's physician reexamined claimant and cleared him to perform light work. The employer instructed claimant to report for work on July 8, 1981. Claimant notified the employer that he would not report for work because he had scheduled an appointment for that date with his own physician, who apparently also cleared him to do light work. The employer thereafter discharged claimant. A grievance filed on claimant's behalf by his union was denied by an arbitration panel, which found that claimant had been discharged for just cause under the terms of the collective bargaining agreement.

The instant claim involves claimant's contention that the employer discharged him in retaliation for his claiming workers' compensation benefits, in violation of Workers' Compensation Law § 120. Although the Workers' Compensation Law Judge denied the claim, the Workers' Compensation Board reversed, finding that "claimant's firing was obviously in retaliation for his compensation claim". This appeal by the employer ensued.

■ The employer first asserts that claimant was not entitled to bring this claim under the Workers' Compensation Law because such a claim is preempted by the Federal Railway Labor Act (hereinafter RLA) (45 USC §§ 151-188). According to the employer, the RLA provides an exclusive remedy for claims that an employee subject to collective bargaining was improperly discharged. We do not agree in this situation. The RLA provides for compulsory arbitration to settle "minor disputes" arising where a collective bargaining agreement provides a remedy for an alleged wrongful act *(see, Andrews v Louisville & Nashville R.R. Co.,* 406 US 320, 321-322). An allegation of wrongful discharge frequently will be considered a minor dispute, in which a claim nominally brought under State law would be preempted *(see, supra,* at 322; *see also, Allis-Chalmers Corp. v Lueck,* 471 US 202). In order to determine whether a claim is a minor dispute, we must consider whether the claim is based on facts "inextricably intertwined with the grievance machinery of the collective bargaining agreement and of the R.L.A." *(Magnuson v Burlington N.,* 576 F2d 1367, 1369, *cert denied* 439 US 930.)

We are of the opinion that the claim in this case is not a minor dispute under the collective bargaining agreement requiring preemption of the claim. Claimant's claim that he was discharged in retaliation for filing a workers' compensation claim has its source in the Workers' Compensation Law, not in the collective bargaining agreement between the employer and claimant's union *(see, Baldracchi v Pratt & Whitney Aircraft Div.,* 814 F2d 102, 105; *Puchert v Agsalud,* 67 Haw 25, 677 P2d 449, *appeal dismissed sub nom. Pan Am. World Airways v Puchert,* 472 US 1001; *but see, Lingle v Norge Div. of Magic Chef,* 823 F2d 1031). As the Second Circuit has noted, a claimant's rights under the Workers' Compensation Law exist independently of his rights under a collective bargaining agreement; indeed, a collective bargaining agreement may not waive those rights *(see, Baldracchi v Pratt & Whitney Aircraft Div., supra,* at 105). Accordingly, claimant's State law claim

under Workers' Compensation Law § 120 is not preempted by the RLA.

■ We also do not agree that claimant's claim is barred by collateral estoppel. Although a finding in an arbitration proceeding may be given preclusive effect in a subsequent action when the arbitration necessarily decided the identical issue raised in the action (see, Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.], 43 NY2d 184, 189-190; Compton v D'Amore, 101 AD2d 800, 801), we cannot say that the arbitration between the employer and the union necessarily decided the same issue raised here. The previous arbitration proceeding involved an interpretation of the collective bargaining agreement between the employer and the union. As we noted above, this case involves a statutorily created right, not an interpretation of the collective bargaining agreement. Therefore, while the issue decided in the arbitration proceeding is closely related to the issue at hand here, and while the arbitration does have relevance to this case, we cannot say that the arbitration decision should be given preclusive effect.

■ Finally, the employer contends that the Board's decision is not supported by substantial evidence. We disagree. While there was evidence to the contrary, other evidence presented at the hearing does support a finding that claimant was discriminated against and treated in a disparate manner because of his compensation claim (cf., Matter of Duncan v New York State Developmental Center, 63 NY2d 128, 134). As the Court of Appeals has noted "[i]t [is] the board's prerogative to weigh the evidence and decide the case in favor of the party whose proofs, in its view, preponderated [and] * * * a decision of the board is conclusive upon [this court] if supported by substantial evidence" (Matter of Axel v Duffy-Mott Co., 47 NY2d 1, 6). Having determined that the decision is supported by substantial evidence, we may not substitute our view of the case's factual merit for the Board's view (see, supra).

KANE, J. P., WEISS, YESAWICH, JR., and LEVINE, JJ., concur.

Decision affirmed, without costs.