■ In the Matter of the Claim of GLORIA DURIVAGE, Appellant, v DIAMOND INTERNATIONAL CORPORATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed February 18, 1986, which ruled that claimant's discharge was not in retaliation for having filed a compensation claim.

Claimant was employed by Diamond International Corporation (hereinafter the employer) as a sorter/packer from April 13, 1972 until July 10, 1980, when she was discharged. Claimant sustained compensable injuries on September 24, 1977 and March 17, 1980. She missed approximately three months of work due to the first injury and almost two months due to the second. Throughout her employment, claimant had an extremely poor attendance record. After numerous warnings, she was fired.

Claimant filed a grievance pursuant to her collective bargaining agreement. The arbitrator found that the employer was justified in discharging claimant. Claimant then filed this claim alleging that the employer terminated her employment in retaliation for her missing work because of compensable injuries. The Workers' Compensation Board rejected the claim and this appeal ensued.

The record indicates an incredibly poor attendance record on claimant's part. The evidence also demonstrates that the vast majority of the absences were unrelated to the work-related injuries. Additionally, claimant had been repeatedly warned by the employer that her attendance record was unacceptable. The Board's conclusion that the employer did not discriminate against claimant in violation of Workers' Compensation Law § 120 is supported by substantial evidence in the record (see, Matter of Donohue v Scandinavian Airlines, 134 AD2d 660 [decided herewith]; cf., Matter of Valentino v American Airlines, 131 AD2d 6).

Decision affirmed, without costs. Mahoney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.