■ In the Matter of the Claim of HELEN DONOHUE, Appellant, v SCANDINAVIAN AIRLINES OF NORTH AMERICA, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent.— Main, J. Appeal from a decision of the Workers' Compensation Board, filed April 9, 1986, which ruled that claimant's discharge was not in retaliation for having filed a compensation claim.

In April 1982, claimant sustained a disabling wrist fracture. Her physician advised her employer's workers' compensation insurance carrier that claimant would be able to return to work on August 1, 1982. When claimant was examined by the carrier's physician on July 16, 1982, that physician concluded that claimant was able to return to work. According to claimant, she continued to experience difficulties with her hand and another physician advised her that the injury would take longer to heal than anticipated. On July 29, 1982, she sent a mailgram to the employer from a home in Vermont stating that she would not be returning to work that week. The employer scheduled her to be examined by the company physician on August 16, 1982; claimant failed to keep the appointment, claiming that she had broken her foot several days earlier. Her employment was terminated on August 18, 1982. A grievance proceeding instituted by claimant's union on her behalf was unsuccessful in reinstating her to her position.

In this proceeding, claimant contends that she was discharged in violation of Workers' Compensation Law § 120 in retaliation for pursuing a disability claim. Following a hearing, the Workers' Compensation Law Judge concluded that claimant's testimony concerning her injuries was not credible and that the employer had a valid reason for terminating claimant's employment. The Workers' Compensation Board agreed, finding no evidence of retaliatory intent on the employer's part.

The decision should be affirmed. Claimant has the burden of proving that her discharge was done in retaliation for her filing of a claim (Matter of Klimczak v General Crushed Stone Co., 114 AD2d 603), and a decision of the Board finding no

discriminatory intent is conclusive upon this court if the decision is supported by substantial evidence *(Matter of Axel v Duffy-Mott Co.,* 47 NY2d 1, 6). Here, the Board's decision is supported by substantial evidence. The record reveals that claimant was totally uncooperative in dealing with her employer. Even though the employer's carrier found that claimant was able to return to work as early as July 16, 1982, the employer did not expect her to return until August 1, 1982, the date which claimant's own physician had set for her return. After that date, when claimant still refused to return to work, the employer still apparently had no intention of firing her—they simply made arrangements for her to be examined by a company physician. It was not until after she failed to keep that appointment that she was fired. Despite the employer's repeated requests for an explanation for her continued absence, claimant provided only vague statements that she was still injured. In view of these circumstances, the employer was totally justified in discharging claimant.

As a final note, it may appear that this decision is inconsistent with our decision in *Matter of Valentino v American Airlines* (131 AD2d 6). However, as the Court of Appeals has noted, it is not for this court to substitute its view of the merits of one of these matters for that of the Board *(see, Matter of Axel v Duffy-Mott Co., supra).* Despite any apparent inconsistency, the decisions in both this case and *Valentino* are supported by substantial evidence. Accordingly, the Board's decision in this case should be affirmed.

Decision affirmed, without costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.