■ In the Matter of the Claim of PATRICIA KUK, Appellant, v GENERAL ELECTRIC COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J. Appeals from two decisions of the Workers' Compensation Board, filed December 12, 1986 and February 24, 1987.

Claimant was discharged from her position as a data processing control clerk with General Electric Company on January 31, 1983. Thereafter, she filed a claim pursuant to Workers' Compensation Law § 120, contending that her employer had discharged her in retaliation for her filing of a workers' compensation claim some four months prior to her discharge. On December 12, 1986, a divided panel of the Workers' Compensation Board affirmed the determination of a Workers' Compensation Law Judge that the employer had not discriminated against claimant. The Board advised claimant on January 23, 1987 that her January 2, 1987 request for full Board review would be treated as discretionary and, ultimately, denied the request on February 24, 1987. Claimant took this appeal on March 23, 1987. Since we agree with the employer's contention that the appeal was not taken "[w]ithin thirty days after notice of the [December] decision" (Workers' Compensation Law § 23), we dismiss it as untimely.

Initially, we note that a request for full Board review does not toll the statutory time period within which to file an appeal (see, Matter of Roscoe v New York Tel. Co., 125 AD2d 881, 882). Here, claimant acknowledged notification of the Board's determination as of December 15, 1986. Accordingly,

her March 23, 1987 notice of appeal was untimely. Claimant argues, however, that the amendment to Workers' Compensation Law § 23, effective July 1, 1983 (see, L 1983, ch 415, § 14), providing for mandatory full Board review in the event of a dissent, should be applied retroactively to this February 1983 discrimination complaint. Thus, the argument continues, the notice of appeal filed within 30 days after notice of the decision denying full Board review was timely. We disagree.

It is true, as claimant asserts, that the application of a remedial statute is presumptively retroactive in the absence of a clear expression of legislative intent to the contrary (see, McKinney's Cons Laws of NY, Book 1, Statutes § 54; 56 NY Jur, Statutes, § 269, at 716-718 [1967]). Here, the legislation unequivocally provides that the amendment is to be applied prospectively, "to accidents or deaths occurring on or after [July 1, 1983]" (L 1983, ch 415, § 26 [5]). The contention that the amendment should, nevertheless, be retroactively applied to discrimination claims because of its failure to include "acts of discrimination" in its language would exalt the literal language of the legislation over its purpose as a whole (see, New York State Bankers Assn. v Albright, 38 NY2d 430, 437) and produce an absurd result (see, Zappone v Home Ins. Co., 55 NY2d 131, 137; McKinney's Cons Laws of NY, Book 1, Statutes § 145).

Were we to reach the substantive issues, the result would be no different since we are convinced that the Board's decision finds adequate support in the evidence. Claimant has the burden of proving that her employer discharged her in retaliation for her filing a claim (see, Matter of Donohue v Scandinavian Airlines, 134 AD2d 660; Matter of Klimczak v General Crushed Stone Co., 114 AD2d 603) and a Board decision finding no discriminatory intent is conclusive upon this court if it is supported by substantial evidence (Matter of Axel v Duffy-Mott Co., 47 NY2d 1, 6; see, Matter of Duncan v New York State Developmental Center, 63 NY2d 128). The Board found, and the record supports the view, that claimant's termination was not due to her compensation claim but, instead, to various other factors, including her inability to get along with her co-workers, her history of absenteeism and her refusal to cooperate with her employer. As a final matter, claimant's remaining contentions have been examined and found to be lacking in merit. Accordingly, the appeals must be dismissed.

Appeals dismissed, without costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.