■ In the Matter of the Claim of NATHAN OGLESBY, Appellant, v CITY OF NEWBURGH, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [610 NYS2d 380] —White, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed May 6, 1992 and February 3, 1993, which ruled that claimant's discharge did not violate Workers' Compensation Law § 120.

Claimant, a probationary employee in the employer's sanitation department, suffered a work-related injury on February 22, 1989 and filed a claim for workers' compensation benefits. His employment was terminated on February 27, 1989. Subsequently, claimant filed a discrimination complaint pursuant to Workers' Compensation Law § 120, which makes it unlawful for an employer to discharge or otherwise discriminate against an employee because the employee has filed for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge found that the employer terminated claimant in retaliation for filing his compensation claim. On appeal, the Workers' Compensation Board reversed, finding that the provisions of Workers' Compensation Law § 120 were not violated because the employer had valid reasons for terminating claimant's employment.

A decision of the Board finding no retaliatory conduct is conclusive if supported by substantial evidence (see, Matter of Levy v New York State Off. of Mental Retardation & Dev. Disabilities, 187 AD2d 759). Inasmuch as the record shows that claimant's superintendent and supervisor were not happy with the quality of his work, that he had trouble getting along with his co-workers and that he had been issued a disciplinary notice, we find the Board's findings to be supported by substantial evidence (see, Matter of Kuk v General Elec. Co., 147 AD2d 813, lv dismissed, lv denied 74 NY2d 758; Matter of Klimczak v General Crushed Stone Co., 114 AD2d 603; Matter of Kaye v Brewster Cent. School Dist. Bd. of Educ., 103 AD2d 870, affd 64 NY2d 1097).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.