■ In the Matter of the Claim of Katherine Conklin, as Administratrix of the Estate of Edward Conklin, Deceased, Appellant, v City of Newburgh, Respondent. Workers' Compensation Board, Respondent. [613 NYS2d 287] —Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed May 20, 1992, which ruled that claimant's decedent was not discriminated against by his employer.

Claimant, a probationary laborer, was injured while working on September 6, 1988, his third day of employment with the City of Newburgh. He continued to receive full pay each week from the City. In response to frequent inquiries by the City when he picked up his paycheck, claimant stated he would return to work when authorized by his doctor. Claimant was terminated from his employment on January 11, 1989. On

July 7, 1992 while still disabled, he filed a complaint pursuant to Workers' Compensation Law § 120 charging that his discharge was discriminatory. The claim was submitted on stipulated facts and records without claimant's testimony. He relied upon an inference that his termination was violative of Workers' Compensation Law § 120 because it was based upon absenteeism caused by a work-related injury. The Workers' Compensation Board concluded that claimant had been discharged due to his inability to properly perform his job and his lengthy absence from work, albeit as the result of a job-related injury, and not because of a retaliatory or discriminatory discharge within the scope and meaning of Workers' Compensation Law § 120. On this appeal claimant contends that the Board's determination is not supported by substantial evidence.

It is well established that claimant, as the accuser, has the initial burden of proving that his discharge was in retaliation for filing a claim (see, Matter of Donohue v Scandinavian Airlines, 134 AD2d 660) even though proof of discriminatory intent may be elusive (State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd., 48 NY2d 276, 284). A decision of the Board is conclusive upon the courts if supported by substantial evidence and it is not the role of any appellate court to substitute its view of the facts and the inferences to be drawn therefrom (Matter of Axel v Duffy-Mott Co., 47 NY2d 1, 6). To establish discrimination, a causal nexus must be established between the employee's activities in obtaining compensation and the employer's conduct against the employee (Matter of Duncan v New York State Dev. Ctr., 63 NY2d 128, 134).

Applying these standards to the instant record and in consideration of the elusiveness of evidence of discrimination, we find that the circumstances of claimant's discharge fail to support the inference of a retaliatory termination (see, Matter of Axel v Duffy-Mott Co., supra, at 10). We further find that the Board's conclusion that the City's acts were reasonable steps taken to secure a steady, reliable and adequate work force in light of claimant's lengthy absence from work to be fully supported by the record (see, Matter of Duncan v New York State Dev. Ctr., supra, at 135).

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.