◼ In the Matter of the Claim of ADA COLE, Appellant, v COUNTY OF SULLIVAN, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [657 NYS2d 371] —Appeal from a decision of the Workers' Compensation Board, filed March 25, 1996, which ruled that claimant's discharge did not violate Workers' Compensation Law § 120.

Claimant was employed as a clerk for the Sullivan County Civil Defense office where she provided clerical services for various supervisors. In March 1993 claimant suffered a work-related injury due to inhaling fumes and exhaust and filed a claim for workers' compensation benefits. In April 1993 after returning to work, claimant was discharged for, *inter alia,* failing to adequately perform her job duties. Claimant filed a claim with the Workers' Compensation Board alleging that she had been terminated in retaliation for claiming workers' compensation benefits in violation of Workers' Compensation Law § 120.

The Board ultimately determined that claimant had failed to meet her burden of proving retaliation and found that she was terminated for valid business reasons.

Although proof of retaliatory termination may be elusive, our review of the record reveals that claimant failed to establish any causal connection between her claim for workers' compensation benefits and her termination (*see, Matter of Conklin v City of Newburgh*, 205 AD2d 841, 842). Inasmuch as the testimony reveals that, among other things, some of claimant's supervisors considered claimant to be uncooperative, disruptive and were dissatisfied with her job performance, we find that the Board's decision is supported by substantial evidence (*see, Matter of Milonas v Rosa*, 217 AD2d 825, *lv denied* 87 NY2d 806; *Matter of Conklin v City of Newburgh, supra; Matter of Oglesby v City of Newburgh*, 203 AD2d 726).

Cardona, P. J., Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.