■ In the Matter of the Claim of ANTONIO LAWRENCE, Respondent, v CONSOLIDATED EDISON COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [659 NYS2d 117] —Crew III, J. Appeal from a decision of the Workers' Compensation

Board, filed April 24, 1995, which, *inter alia*, ruled that claimant was discharged by the employer in violation of Workers' Compensation Law § 120.

Claimant, an auto mechanic, began working for the employer in 1985 in the employer's transportation department. In September 1987, claimant sustained a work-related injury to his back and was absent from work for a brief period of time. Claimant apparently worked without incident until March 1989, when he again began losing time from work due to his back condition. When claimant returned to work on July 10, 1989 with some restrictions, he was given light-duty work, which essentially entailed painting truck bumpers and wheels. Although claimant was provided with a stool, the bending involved in painting the trucks apparently aggravated his back, causing him to miss additional time from work.

Upon returning to work on July 24, 1989, the employer's medical department restricted claimant from performing work that required repeated stooping. Following an extended absence from August 1989 to April 1990, claimant worked sporadically until July 10, 1990 performing various light-duty functions, including painting and clerical work. On July 11, 1990, the employer presented claimant with an "All Inclusive Final Warning" advising claimant that he was being suspended for, *inter alia*, absenteeism, poor work performance and insubordination. Thereafter, on August 27, 1990, the employer's medical department imposed permanent medical restrictions upon claimant which prevented him from performing his job as an auto mechanic.

Pursuant to the collective bargaining agreement between the employer and claimant's union, an employee who cannot perform his or her regular duties due to the imposition of permanent medical restrictions will be assigned some other work function that the employee is capable of performing, provided such work is available and that the employee's work record "has in all respects been satisfactory". The employer, deeming claimant's work performance to be less than satisfactory, terminated claimant from his position in September 1990. Claimant thereafter filed both a grievance, which the arbitrator denied, and a complaint alleging that he had been discharged for sustaining a compensable injury and seeking benefits. Ultimately, the Workers' Compensation Board upheld a determination made by the Workers' Compensation Law Judge (hereinafter WCLJ) finding that the employer had discharged claimant in violation of Workers' Compensation Law § 120. This appeal by the employer followed.

Workers' Compensation Law § 120 prohibits an employer from discharging or discriminating against an employee because such employee has claimed or is attempting to claim workers' compensation benefits. The employee, as the accuser, bears the burden of demonstrating that his or her discharge was in retaliation for filing a claim (*see, Matter of Conklin v City of Newburgh,* 205 AD2d 841, 842; *Matter of Donohue v Scandinavian Airlines,* 134 AD2d 660; *Matter of Johnson v Moog, Inc.,* 114 AD2d 538, 539). Although the employee is required to establish a causal nexus between the employee's activities in obtaining compensation and the employer's activities against the employee (*see, Matter of Duncan v New York State Dev. Ctr.,* 63 NY2d 128, 134; *Matter of Conklin v City of Newburgh, supra,* at 842), courts have recognized that an employer seeking to dissuade its employee from pursuing a compensation claim rarely telegraphs its intent for all the world to see (*see, Matter of Axel v Duffy-Mott Co.,* 47 NY2d 1, 6). Rather, as the employer has a vested interest in avoiding detection, it is expected that the employer will seek to accomplish its objective in a subtle fashion (*see, id.*), thereby making it difficult for the employee to present direct evidence of retaliatory intent (*see, Matter of Asem v Key Food Stores Co-Op.,* 216 AD2d 806, 807, *lv denied* 87 NY2d 802).

Here, claimant testified that following his injury and the filing of his claim for compensation benefits, he was advised by the employer that he was being charged with responsibility for the September 1987 accident and, as a result, he would not receive his progression raise. With respect to his light-duty assignments, claimant testified that he was relieved of his clerical duties because one of the employer's foremen did not want claimant performing such tasks. Consequently, claimant returned to painting truck bumpers, a job that aggravated his back condition because of the bending involved. Claimant further testified that when he advised one of the employer's supervisors that he was going to be absent on a particular date, the supervisor demanded that claimant produce a physician's note which, according to claimant, was not required. Additionally, claimant testified that his request to park in a lot closer to work was denied by the employer without explanation and that although transportation from his parking area to his place of work was provided by the employer, the individual operating the vehicle would intentionally hit bumps in the road, which aggravated claimant's injury and caused him to miss additional time from work. Claimant, whose performance prior to the accident was characterized as satisfactory, also began receiving warnings regarding his allegedly

poor work performance. Finally, claimant testified that when he asserted that his light-duty assignments were contrary to a WCLJ's directive, one of his supervisors replied, "[t]he Judge doesn't work here" and "if you can't paint bumpers, you're going to sweep up the yard until you drop".

Based upon our review of the record as a whole, we cannot say that the Board's decision is not supported by substantial evidence (*see, Matter of Cheatham v New York State Off. of Mental Health*, 130 AD2d 815, 817, *lv dismissed* 70 NY2d 747). Although the employer presented evidence that claimant was discharged for nondiscriminatory reasons, i.e., insubordination and poor work performance, such proof merely raised questions of fact and issues of credibility, which the Board was free to resolve in favor of claimant (*see, Matter of Billings v Dime Sav. Bank*, 236 AD2d 649, 650; *Matter of O'Malley v New York City Tr. Auth.*, 158 AD2d 822, 823, *lv denied* 76 NY2d 704). In reviewing the Board's decision in this regard, we must bear in mind that it is not the role of this Court to weigh the conflicting proof or to substitute its judgment with respect to the inferences that may be drawn therefrom (*see, Matter of Axel v Duffy-Mott Co.*, 47 NY2d 1, 6, *supra*), and the mere fact that other evidence in the record would have supported a contrary conclusion is of no moment (*see, Matter of Cheatham v New York State Off. of Mental Health, supra*, at 817). Resolving the factual and credibility issues in favor of claimant, the Board could properly conclude that claimant was discharged in violation of Workers' Compensation Law § 120 and that the employer's stated reasons for the discharge were pretextual. Accordingly, the Board's decision must be affirmed. The employer's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.