■ In the Matter of the Claim of THEODORE F. JOHNSON, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [661 NYS2d 686]

—Mercure, J. Appeals from three decisions of the Workers' Compensation Board, filed March 11, 1993, April 7, 1994, and May 2, 1996, which, *inter alia*, ruled that claimant's discharge from his employment did not violate Workers' Compensation Law § 120.

Claimant, an employee of the New York City Transit Authority (hereinafter the employer) since 1971, was injured at work on June 29, 1981 after a fall from a ladder. He filed a claim for workers' compensation benefits and was subsequently classified with a permanent partial disability. In January 1984, after refusing the employer's request to undergo a medical examination by its physician, disciplinary charges were brought against him which resulted in his discharge.

In October 1991, claimant filed a claim with the Workers' Compensation Board alleging that he had been terminated in retaliation for, *inter alia*, claiming workers' compensation benefits, in violation of Workers' Compensation Law § 120. Following a number of hearings and appeals, the Board ultimately concluded that claimant was not terminated for having claimed and/or received workers' compensation benefits but that he had been legitimately discharged for misconduct. Claimant now appeals.

Based upon our review of the record, we conclude that claimant has failed to sustain his burden of demonstrating that his claim for workers' compensation benefits motivated the employer to engage in a retaliatory discharge within the meaning of Workers' Compensation Law § 120 (*see, Matter of Cole v County of Sullivan*, 239 AD2d 654; *Matter of Citron v Staten Is. Univ. Hosp.*, 233 AD2d 741; *Matter of Gagnon v Foster Med. Supply*, 232 AD2d 681, 682, *appeal dismissed* 89 NY2d 918). Rather, we find that substantial evidence supports the Board's determination that claimant was terminated solely because he had violated the employer's rules and regulations (*see, Matter of Axel v Duffy-Mott Co.*, 47 NY2d 1, 6).

The record reveals that after sustaining his 1981 injury, claimant remained out of work. When he appeared at the employer's offices in August 1983 to obtain a new transit pass, Herman Kossman, the employer's line supervisor, requested that claimant obtain a long overdue medical examination by the employer's clinic to ascertain whether he was capable of performing light-duty work. Kossman testified that claimant refused, wherein Kossman ordered him to go and warned that his refusal would cause him to be considered "absent without leave". When claimant did not comply with either Kossman's order or with a September 13, 1983 letter request by the

employer's general superintendent to report to work immediately, claimant was charged with misconduct for violating rules under the applicable union contract. The charges were sustained and claimant was terminated on January 4, 1984, although he was given the opportunity to challenge the termination through grievance procedures. In our view, this evidence amply supports the Board's decisions.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.