■ In the Matter of the Claim of JILL R. DENNIS, Appellant, v COUNTY LIMOUSINE SERVICE, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [704 NYS2d 385] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed March 31, 1998, which ruled that claimant's discharge was not in violation of Workers' Compensation Law § 120.

Claimant was hired by County Limousine Service, Inc. (hereinafter the employer) on February 21, 1995 to work the 8:00 A.M. to 5:00 P.M. shift Monday through Friday. Her immediate supervisor was Jack Parody who, in turn, reported to Peter Mavrommatis, the officer manager. During claimant's 90-day probationary period, she missed six days of work: Friday, March 3, 1995; Friday, March 31, 1995; Friday, April 7, 1995; Friday, April 14, 1995; Monday, April 17, 1995; and Friday, April 21, 1995.

Claimant contends that each of these absences was either approved or resulted from an injury she suffered to her ankle on April 6, 1995 when, on her way into work, she ran from the employer's guard dog. Although she continued to work on that day, she called in sick the following day, testifying that she intended to seek medical treatment but could not afford it. A few days afterward she alleged that she came to work and spoke with Mavrommatis who gave her an advance against her salary for medical care. He testified that he never questioned the reason for her advance since advances were common with employees.

On Friday, April 14, 1995, claimant telephoned and indicated

that she was going to the doctor and that she would report to work later in the day. She did not see a doctor and did not come into work. On Monday, April 17, 1995, claimant again failed to report to work or see a doctor. She did, however, go to Mavrommatis' office to question him as to what steps he would be taking with respect to her injury. Contending that he had not previously known about such injury, Mavrommatis immediately questioned Parody about his knowledge of the accident. Parody advised that she had reported it to him on the day that it occurred but suggested that it was trivial. Mavrommatis then filed a notice of claim and advised claimant that she would need to document any further absences with a doctor's note.

On Friday, April 21, 1995, claimant was again absent from work. Returning late on Monday, April 24, 1995, upon her failure to produce a doctor's note Mavrommatis immediately suspended her. After reviewing her record for poor work performance and poor attendance with Parody, he terminated her employment on April 27, 1995. Claimant ultimately saw a doctor on April 26, 1995 and filed a charge of discrimination with the Workers' Compensation Board against the employer on May 1, 1995. A Workers' Compensation Law Judge found that the employer had discharged claimant in violation of Workers' Compensation Law § 120 and continued the matter on the issue of damages. Upon appeal to the Workers' Compensation Board, it was found that the employer had lawfully discharged claimant due to her excessive absences without documentation. Claimant appeals.

Upon our limited power to review the sufficiency of the evidence (*see, Matter of Hollis v Marriott Hotel*, 210 AD2d 714, *appeal dismissed* 87 NY2d 859, *lv denied* 87 NY2d 1008; *Matter of Donohue v Scandinavian Airlines*, 134 AD2d 660, 661), without a further ability to weigh conflicting proof or substitute our judgment for inferences which may be drawn therefrom (*see, Matter of Lawrence v Consolidated Edison Co.*, 240 AD2d 871, 874), we find that claimant failed to sustain her burden to demonstrate that the discharge was in retaliation for her filing of a claim (*see, Matter of Donohue v Scandinavian Airlines, supra*, at 660-661). Although she testified that her absences on Mondays and Fridays prior to the accident were due to her working on the weekends in lieu of her weekly work schedule, testimony by Parody directly contradicted her contentions, emphasizing that any hours worked on the weekend were only for extra pay and not as a substitute for the days hired. Moreover, although claimant testified that Parody advised her that

she did not have to report to work on either April 17 or April 21, 1995, Parody denied giving her such permission.

As the Board credited Parody's testimony over that of claimant—a determination well within its province and not subject to our further review if adequately supported (*see, Matter of Korczyk v City of Albany*, 264 AD2d 908, 910; *Matter of Hercules v United Artists Communications*, 176 AD2d 998, 999)—we find no error, as claimant's absences during the 90-day probationary period constituted the requisite proof.

Having reviewed and rejected claimant's remaining contentions, we affirm the Board's decision.

Mercure, J. P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.