■ In the Matter of the Claim of NICHOLAS A. COSCIA, II, Appellant, v ASSOCIATION FOR THE ADVANCEMENT OF BLIND AND RETARDED, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [710 NYS2d 174] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed April 23, 1999, which ruled that the employer did not violate Workers' Compensation Law § 120 by terminating claimant's employment.

Claimant was employed as a staff psychologist for the Association for the Advancement of Blind and Retarded, Inc. (hereinafter the employer) between March 1991 and September 1996. His duties included providing psychological services to mentally handicapped adults. In January 1995, claimant was injured at work when he attempted to subdue an agitated adult. Claimant filed for workers' compensation benefits and was out of work for approximately five months.

In early March 1996, claimant filed a discrimination complaint with the Workers' Compensation Board alleging that in retaliation for his filing for workers' compensation benefits, the employer had effectively demoted him, excluded him from conferences he had previously attended on a regular basis, prevented him from receiving necessary recertification, deprived him of certain intellectual property rights and forced him to perform more nontreatment duties. On September 23, 1996, the employer terminated claimant's employment for the stated reason of his improper personal conduct in "stalking" another staff person. Claimant then amended his discrimination complaint to add the claim that he was discharged in retaliation for filing the complaint with the Board. On the day he was terminated, claimant was allegedly injured at work. He thereafter filed a claim for workers' compensation benefits based on that injury.

After considering the extensive testimonies of claimant and many other witnesses at a hearing held in 1997, the Workers' Compensation Law Judge (hereinafter WCLJ) ruled that claimant had not established a claim of discrimination under Workers' Compensation Law § 120. Claimant appealed and the Board upheld the WCLJ's decision in April 1999. The Board determined that claimant had provided no evidence to support his claim that he was terminated or otherwise discriminated against for filing his original workers' compensation claim or for bringing his subsequent discrimination complaint, and that he was terminated from his position for nondiscriminatory purposes. Claimant now appeals.

Based on our review of the record, we conclude that claimant has failed to sustain his burden of demonstrating that his initial claim for workers' compensation benefits, his subsequent discrimination claim or the prospect of a second claim for benefits motivated the employer to engage in retaliatory discrimination or to discharge him for a discriminatory purpose (*see, Matter of Johnson v New York City Tr. Auth.*, 242 AD2d 793, 794, *lv denied* 91 NY2d 803). Rather, we find substantial evidence in the record supporting the Board's determination that claimant was terminated solely for misconduct.

Initially, we reject as wholly lacking in merit claimant's conclusory procedural objections that the Board excluded essential factual evidence, that the WCLJ allowed inflammatory, defamatory and nonfactual diatribes to enter into the proceeding, that the WCLJ misidentified an employer witness, that his attorney was denied the opportunity to question claimant about job performance evaluations and that the WCLJ erred in admitting the accident report filled out on September 24, 1996, rather than the first report filled out on September 23, 1996. Even where there is arguable support in the record, claimant's allegations are exaggerated or immaterial and do not dictate reversal of the Board's decision (*see,* Workers' Compensation Law § 118).

Workers' Compensation Law § 120 prohibits an employer from discharging or discriminating against an employee because such employee has claimed or is attempting to claim workers' compensation benefits. At issue in discrimination cases such as this is whether the employer had a retaliatory intent in discharging the employee (*see, Matter of Duncan v New York State Dev. Ctr.*, 63 NY2d 128, 134). The employee, as the accuser, bears the burden of demonstrating that his or her discharge was in retaliation for filing a claim (*see, Matter of Lawrence v Consolidated Edison Co.*, 240 AD2d 871, 873). The

employee must also establish a causal nexus between the employee's activities in obtaining compensation or filing a discrimination complaint and the employer's activities against him (see, id., at 873). Moreover, this Court has limited power to review the sufficiency of evidence and lacks the ability to weigh conflicting proof or substitute our judgment for the inferences drawn by the Board (see, Matter of Dennis v County Limousine Serv., 270 AD2d 740, 741).

Here, after carefully reviewing the testimony of each witness at the hearing before the WCLJ, the Board determined that there was no credible evidence to support claimant's allegation that he was discriminated against under Workers' Compensation Law § 120. Significantly, claimant's own witnesses failed to support his case in testifying that his job responsibilities had not changed after he filed for workers' compensation benefits and that they were not aware of any instance where the employer had discriminated against someone for filing for benefits. Claimant also failed to provide the Board with any evidence which established a nexus between his termination and the filing of either of his claims for workers' compensation benefits or the filing of his discrimination complaint. We find that the Board's decision was overwhelmingly supported by the record and conclude that claimant's discrimination claim was properly denied (see, Matter of Donohue v Scandinavian Airlines, 134 AD2d 660, 661).

Crew III, J. P., Graffeo, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.