■ Thomas E. Monroe, Sr., Appellant, v Cortland County, Respondent. Workers' Compensation Board, Respondent. [711 NYS2d 636] —Mercure, J. P. Appeal from a decision of the Workers' Compensation Board, filed February 9, 1999, which, *inter alia*, ruled that claimant's discharge did not violate Workers' Compensation Law § 120.

Claimant, a recycling supervisor for the employer, sustained rectal fissures as the result of operating a skid steer machine. The employer temporarily relieved claimant from his employment duties pending the production of a physician's note indicating that claimant could perform his duties without restriction. When claimant's physician restricted him from operating the skid steer for more than 40 minutes per day, claimant was discharged from his position as recycling supervisor. Thereafter, claimant filed a discrimination claim pursuant to Workers' Compensation Law § 120 alleging that he was terminated from his position in retaliation for filing a claim for workers' compensation benefits based upon the rectal fissures.

The Workers' Compensation Board ruled that claimant's discharge was supported by a valid business reason and did not violate Workers' Compensation Law § 120. This appeal by claimant ensued.

We affirm. The written notice sent to claimant indicates that he was discharged from his position, and offered a reassignment, based upon his inability to operate the skid steer for more than 40 minutes per day. According to the employer's solid waste director, the recycling supervisor must be prepared to operate the skid steer on a regular basis for as long as necessary to complete the particular job being performed. Moreover, claimant's job description, as well as the testimony of the employer's personnel officer and claimant's supervisor, indicate that operating the skid steer was one of the essential functions of claimant's position as recycling supervisor.

In our view, the foregoing constitutes substantial evidence supporting the Board's decision that claimant's discharge from his position was motivated by a valid business reason and did not violate Workers' Compensation Law § 120 (*see*, *Matter of Johnson v New York City Tr. Auth.*, 242 AD2d 793, 794, *lv denied* 91 NY2d 803; *Matter of Cole v County of Sullivan*, 239 AD2d 654). Although the Board recognized the existence of uncontroverted evidence of a causal nexus between claimant's attempts to obtain workers' compensation benefits and the employer's actions in requiring claimant to produce medical evidence of his ability to work without restrictions (*see generally*, *Matter of Conklin v City of Newburgh*, 205 AD2d 841), the employee's proffer of evidence of a valid business reason for claimant's discharge created a credibility issue that the Board was entitled to resolve in favor of the employer (*see*, *Matter of Lawrence v Consolidated Edison Co.*, 240 AD2d 871, 874).

Claimant's remaining contentions have been reviewed and found to be lacking in merit.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.