■ In the Matter of the Claim of LAVERN SANDERS, Appellant, v NEW YORK CITY HUMAN RESOURCES ADMINISTRATION, Respondent. WORKER'S COMPENSATION BOARD, Respondent. [713 NYS2d 575] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed March 23, 1999, which ruled that claimant's discharge did not violate Workers' Compensation Law § 120.

Claimant, an eligibility specialist on probationary status, sustained an injury at work in May 1992 and continued working for the employer until July 1992 when she filed an application for workers' compensation benefits and requested a leave of absence based upon a physician's note directing her to cease working. When the employer informed her that the physician's note was unacceptable because it lacked a prognosis and a diagnosis, claimant submitted additional physician's notes and was ultimately informed that her request for leave would be approved. The employer subsequently granted her leave through September 4, 1992, but the record is unclear as to when she first received notice of that ending date.

Thereafter, on October 26, 1992, claimant contacted the employer and was advised that a notice had been mailed earlier that month indicating that her claim for workers' compensation benefits was controverted and instructing her to apply for additional medical leave. A previous notice, mailed to claimant on September 24, 1992, indicated that her leave of absence had

expired on September 8, 1992 and that any absence subsequent to that date was unauthorized. Claimant never received the notices, however, as they were returned to the employer unclaimed due to the failure to specify claimant's complete address on the envelopes. By letter dated December 2, 1992, claimant was informed that her employment had been terminated.

Claimant subsequently filed a discrimination claim pursuant to Workers' Compensation Law § 120 alleging that she was terminated from her employment in retaliation for filing a claim for workers' compensation benefits.* The Workers' Compensation Board ruled that claimant failed to sustain her burden of demonstrating a prima facie case of discrimination. Claimant now appeals.

Substantial evidence supports the Board's decision that claimant failed to establish that her discharge was in retaliation for filing a claim for benefits. Although claimant alleges that the retaliatory nature of her discharge is evidenced by the fact that the employer began fabricating disciplinary charges against her immediately following her application for benefits, an employee of claimant's union testified that the employer generally does not authorize leaves of absences for probationary employees and will terminate any such employee who is on unauthorized leave so that a replacement may be hired to fill the position. While recognizing that proof of retaliatory discharge may be elusive (see, Matter of Cole v County of Sullivan, 239 AD2d 654), in light of claimant's probationary status and the Board's exclusive authority to resolve credibility issues, we find no reason to disturb the Board's conclusion that an inference of retaliatory intent was not warranted by the proof presented by claimant (see, Matter of Dennis v County Limousine Serv., 270 AD2d 740; Matter of Conklin v City of Newburgh, 205 AD2d 841, 842).

Mercure, J. P., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Claimant's application for benefits was denied by a decision of the Workers' Compensation Law Judge dated August 26, 1993 on the ground that her injury did not arise out of and in the course of her employment. This determination was affirmed by the Workers' Compensation Board on June 29, 1994.