■ In the Matter of the Claim of BARBARA LAWRIK, Appellant, v SUPERIOR CONFECTIONS, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [752 NYS2d 121] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed October 30, 2001, which ruled that claimant's employ-

ment had not been terminated in violation of Workers' Compensation Law § 120.

Claimant, a sales administrator for the employer, sustained a work-related injury to her right shoulder and elbow in 1994 and, subsequently, filed a claim for workers' compensation benefits, receiving a settlement. Claimant allegedly continued to experience pain, prompting her to seek reopening of her workers' compensation claim, which application was granted in May 1996. Upon learning of claimant's success in this regard, the employer allegedly became outraged and promptly terminated claimant from her position. Claimant thereafter filed a complaint, contending that she was the victim of a retaliatory discharge in violation of Workers' Compensation Law § 120. Following a series of hearings, at which claimant and various representatives of the employer appeared and testified, the Workers' Compensation Law Judge determined that claimant was discharged for cause and, hence, no statutory violation had occurred. Upon administrative review, a panel of the Workers' Compensation Board affirmed the underlying decision, prompting this appeal by claimant.

We affirm. Workers' Compensation Law § 120 provides, in relevant part, that it is "unlawful for any employer or his or her duly authorized agent to discharge or * * * discriminate against an employee * * * because such employee has claimed or attempted to claim compensation from such employer * * * and no other valid reason is shown to exist for such action by the employer." The burden of proving a retaliatory discharge in violation of the statute lies with the claimant (*see Matter of Coscia v Association for Advancement of Blind & Retarded*, 273 AD2d 719, 720; *Matter of Johnson v New York City Tr. Auth.*, 242 AD2d 793, 794, *lv denied* 91 NY2d 803). Specifically, the claimant must demonstrate "a causal nexus between [his] activities in obtaining compensation or filing a discrimination complaint and the employer's activities against him" (*Matter of Coscia v Association for Advancement of Blind & Retarded*, *supra* at 721).

Here, the employer's representatives testified that claimant was discharged due to ongoing insubordination and a persistent inability to get along with her coworkers. Although this situation apparently had existed for some time, the employer's representatives testified that this conflict came to a head in August 1996 when certain members of the employer's staff threatened to quit if claimant was not discharged. Such testimony, if credited, is sufficient to demonstrate a valid business reason for claimant's discharge (*see Matter of Cole v*

*County of Sullivan*, 239 AD2d 654; *cf. Matter of Oglesby v City of Newburgh*, 203 AD2d 726). To be sure, claimant's testimony regarding her employment record, coupled with the proof of raises and commissions received from the employer and the admitted lack of documentary evidence detailing claimant's alleged misdeeds, would support a finding of a retaliatory discharge. As this Court repeatedly has held, however, it is not our role to weigh any conflicting proof or to substitute our judgment for the decision made by the Board (*see Matter of Dennis v County Limousine Serv.*, 270 AD2d 740, 741; *Matter of Conklin v City of Newburgh*, 205 AD2d 841, 842). Stated another way, "the mere fact that other evidence in the record * * * support[s] a contrary conclusion is of no moment" (*Matter of Lawrence v Consolidated Edison Co.*, 240 AD2d 871, 874). As there is substantial evidence in the record to support the Board's findings, its decision is affirmed.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.