■ In the Matter of the Claim of HOWARD S. WEBB, Appellant, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent. WORKERS' COMPENSATION BOARD,

Respondent. [753 NYS2d 768] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed May 24, 2001, which ruled that claimant had not been discharged in violation of Workers' Compensation Law § 120.

Claimant, a provisional employee of the self-insured employer, suffered work-related injuries in July 1996 for which a workers' compensation claim was established. In the months following his injuries, claimant was unable to work and submitted medical documentation to his employer as required by the employer's sick leave policies. In October 1996, however, claimant's supervisor found that the medical documents submitted by claimant were no longer acceptable, gave claimant an unsatisfactory performance review and determined that claimant was absent without leave. Claimant continued to submit medical documentation of his inability to work until he was cleared to return to work on March 3, 1997. The employer, however, terminated claimant as of that date, allegedly because a civil service list had been established for claimant's position and claimant had not been selected for permanent employment due to his now poor employment record.

Claimant thereafter filed a discrimination complaint, pursuant to Workers' Compensation Law § 120, contending that he had been discharged in retaliation for having filed a workers' compensation claim. After a series of hearings, a Workers' Compensation Law Judge determined that claimant had established his claim by showing that the supervisor had improperly rejected claimant's medical documentation, which had led to the denial of a permanent position. A panel of the Workers' Compensation Board affirmed but, upon full Board review, the determination was rescinded. Upon reconsideration, the Board denied the claim, concluding that claimant had not met his burden of proof on the issue of retaliatory intent. Claimant appeals, and we affirm.

Workers' Compensation Law § 120 prohibits an employer from discriminating against an employee for, inter alia, having filed a workers' compensation claim (*see Matter of Duncan v New York State Dev. Ctr.*, 63 NY2d 128, 133-135). It is well settled that "[t]he employee, as the accuser, bears the burden of demonstrating that his or her discharge was in retaliation for filing a claim" (*Matter of Lawrence v Consolidated Edison Co.*, 240 AD2d 871, 873; *see Matter of Lawrik v Superior Confections*, 300 AD2d 777; *Matter of Coscia v Association for Advancement of Blind & Retarded*, 273 AD2d 719, 720). While we agree with the Workers' Compensation Law Judge that claimant did establish a "causal nexus" between the improper

rejection of his medical documents and his ultimate discharge (*Matter of Duncan v New York State Dev. Ctr., supra* at 134), substantial evidence supports the Board's conclusion that claimant did not meet his burden of proving that his supervisor was motivated to reject those documents by a desire to retaliate against him for having filed a workers' compensation claim (*see id.; Matter of Johnson v Moog, Inc.,* 114 AD2d 538, 539).

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.