In the Matter of the Claim of ANTHONY L. GALLO, SR., Appellant, v JAMAICA TOWING, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [816 NYS2d 229]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed January 14, 2005, which ruled that claimant was not discriminated against by the employer in violation of Workers' Compensation Law § 120.

Claimant, a tow truck driver, sustained a right ankle injury in December 2002 and, without any dispute from the employer, thereafter began receiving workers' compensation benefits. He returned to work in January 2003 and was eventually terminated in April 2003. Alleging that he was wrongly fired in retaliation for his worker's compensation claim, claimant filed a complaint pursuant to Workers' Compensation Law § 120. Following a hearing, a workers' compensation law judge disallowed the charge. That decision was affirmed by the Workers' Compensation Board on the basis that the employer had a valid business reason to discharge claimant. This appeal ensued.

We affirm. Substantial evidence in the record supports the Board's decision that the employer did not discriminate against claimant in violation of Workers' Compensation Law § 120 (see Matter of Bey v Aramark Healthcare Support Servs., Inc., 26 AD3d 607, 608 [2006]; Matter of Webb v New York City Dept. of Envtl. Protection, 302 AD2d 643, 644-645 [2003]). The employer's vice-president, Anthony Giorgianni, testified that once claimant returned to work following his injury, he was absent approximately 14 days, with no advance warning on at least six of those days, and was late on numerous other occasions. Giorgianni advised that he terminated claimant for these unexcused absences. Claimant contended that his attendance problems were the result of his work shift having been changed by the employer, as well as his need to obtain medical treatment in connection with an unrelated back injury. Giorgianni, however, testified that claimant had been made aware at the time that he was hired that his shift could be changed depending upon necessity and, in any event, claimant never attempted to discuss the matter. Given the foregoing, we will not disturb

the Board's determination that the employer had a valid reason to discharge claimant and, thus, did not violate Workers' Compensation Law § 120.

Claimant's remaining contentions have been considered and found to be without merit.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.